THOMAS JACKSON (TJ5706)
ELIZABETH A. ADINOLFI (EA3557)
PHILLIPS NIZER LLP
666 Fifth Avenue, 28th Fl.
New York, NY 10103
tjackson@phillipsnizer.com
eadinolfi@phillipsnizer.com
Telephone: (212) 977-9700
*Attorneys for Plaintiff Salonclick LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALONCLICK LLC d/b/a MIN NEW YORK,<br><br>Plaintiff,<br><br>- against -<br><br>SUPEREGO MANAGEMENT LLC and<br>MINDY YANG,<br><br>Defendants. | **16-cv-02555 (KMW)**<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART PLAINTIFF'S SECOND CONSOLIDATED AMENDED COMPLAINT** |

**PRELIMINARY STATEMENT**

Plaintiff Salonclick, LLC, d/b/a MiN New York ("MiN NY"), filed this suit to regain control of its intellectual property, principally its Internet and social media assets, and to prevent Defendants, Superego Management LLC and Mindy Yang, from using MiN NY's assets to further Defendant Yang's new business enterprise, an e-commerce website, TheArtofLiving.Earth.  Defendants' motion is based on arguments that are so legally erroneous they border on frivolous, and demonstrate that this is merely a delaying tactic pursued in the hopes of obtaining discovery from Plaintiff that will allow them to cure fatal pleading deficiencies before they having to submit their Answer and Counterclaims.   The claims to which

1

Defendants object are amply supported both factually and legally and, therefore, Defendants'

motion to dismiss portions of Plaintiff's Second Consolidated Amended Complain ("SCAC")

must be denied.

## LEGAL STANDARD

For a claim to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient

factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007). *Twombly* did not rewrite the standard in Rule 8(a)(2) which

only requires "'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on

which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The court must

accept as true all well-pleaded factual allegations and draws all reasonable inferences in favor of

the non-moving party, *see Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir.

2010), and in assessing whether a plaintiff has met this standard, the court must "constru[e] the

complaint liberally", *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  In deciding a motion

to dismiss, the Court may consider exhibits to the complaint and documents incorporated by

reference into the complaint.  *See Weinstein Co. v. Smokewood Entm't Grp., LLC*, 664 F. Supp.

2d 332, 338 (S.D.N.Y. 2009).

**POINT I**
**MIN NY HAS PROPERLY PLED A CLAIM FOR REPLEVIN**
**OF ITS CUSTOMER DATA**

Defendants' assertion that Plaintiff is required to plead that its "right to possession of the customer list has somehow been impaired" conflates the elements of conversion with replevin. This argument borders on frivolous, as the only case law Defendants cite in support of their argument is *Trustforte Corp. v. Eisen*, 10 Misc. 3d 1064(A)(Sup. Ct. 2005), which does not involve a cause of action for replevin.

To succeed in an action for replevin to recover a chattel, "the plaintiff need only establish a superior possessory right in the chattel to that of the defendant." *G & S Quality Inc. v. Bank of China*, 233 A.D.2d 215, 216(1st Dep't 1996), *overruled on other grounds by Jamie v. Jamie*, 19 A.D.3d 330 (1st Dep't 2005); *see also IBM Corp. v. BGC Partners, Inc.*, 2013 U.S. Dist. LEXIS 59780, at *28 (S.D.N.Y. Apr. 25, 2013) ("To establish a claim for replevin, the plaintiff must prove two elements: (1) that plaintiff has a possessory right superior to that of the defendant; and (2) that plaintiff is entitled to the immediate possession of that property," *quoting Jamison Bus. Sys., Inc. v. Unique Software Support Corp.*, 2005 U.S. Dist. LEXIS 45480, at *39-40 (E.D.N.Y. May 26, 2005)); *Batsidis v. Batsidis*, 9 A.D.3d 342, 343 (2d Dep't 2004); *Pivar v. Graduate Sch. of Figurative Art of the N.Y. Acad. of Art*, 290 A.D.2d 212, 213 (1st Dep't 2002).

The controlling principle is that "[u]nlike conversion, replevin is still available even if the property taken is a copy — so long as the plaintiff's right is superior." *Chefs Diet Acquisition Corp. v. Lean Chefs, LLC,* 2016 U.S. Dist. LEXIS 133299, at * 27 (S.D.N.Y., filed Sept. 28, 2016) (denying defendants' motion for summary judgment on plaintiff's replevin claim for return of copy of customer data); *see also Jamison Bus. Sys.*, 2005 U.S. Dist. LEXIS 45480 at *40-41.  Accordingly, Defendants' motion as to Plaintiff's replevin claim should be denied.

3

**POINT II**
**MIN NY'S CONVERSION CLAIMS**
**ARE NOT MOOT**

Plaintiff's conversion claims are not moot.  It is settled law that "[a] party cannot avoid a conversion claim because it eventually returned the property in question.  Returning property to the rightful owner … does not absolve defendants of all liability from the alleged conversion.  A claim for conversion will exist even when the deprivation is partial or temporary." *See Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 371 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).

Moreover, Defendants only returned the Internet domains and Scent Stories Twitter account after being ordered to do so by the Supreme Court, New York County, which temporary restraining order Defendants attempted to vacate.  SCAC, ¶¶ 74, 75.  As part of order to show cause to vacate the order, incorporated by reference in the SCAC at ¶ 75, Defendant Yang submitted an affidavit stating, "All the internet domain names and social media accounts specific [sic] by the Plaintiffs [sic] were created, registered and otherwise operated by me.  They are mine and not the Plaintiffs' [sic]. . . These domains are mine and always were."  ECF Document 1-3, p. 85.  At no point have Defendants acknowledged Plaintiff's ownership rights to the Internet domains and the Scent Stories Twitter accounts.  Accordingly, until Plaintiff's ownership rights are subject to a final determination of this Court, the claims are not moot, and Defendants' motion to dismiss the claims therefore must be denied on that basis alone.

Additionally, the conversion claims cannot be deemed moot because punitive damages are an available remedy.  *See Silverstein v. Marine Midland Trust Co. of New York*, 1 A.D.2d 1037 (2d Dep't 1956).

Moreover, Defendants are wrong in arguing that it is necessary for Plaintiff to make a demand for the return of its Internet and social media assets.   Demand is only required where

"original possession [of the property] is lawful." *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir.1993) (quoting *Johnson v. Gumer*, 94 A.D.2d 955, 955 (4th Dep't 1983)).  "[I]f demand would be futile because the circumstances show that the defendant knows it has no right to the goods, demand is not required . . . One such circumstance, of course, arises when the defendant is a thief." *State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 260 (2002) (citation omitted); *see also Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 370-71 (S.D.N.Y. 2014).

Here, Plaintiff has alleged that Defendants' taking of its Internet and social media assets was willful, wrongful, and without authority or permission.  SCAC ¶ 87.  Plaintiff further alleges that after Yang was terminated from MiN NY, she hijacked and seized control of these assets (SCAC ¶¶ 55-70) and added a secondary security passcode to the accounts to ensure that Plaintiff could not regain control of its asset (SCAC ¶ 72).   The SCAC plainly alleges a plausible claim that Defendants' possession of Plaintiff's Internet and social media assets was unlawful.  Hence, there is no requirement that Plaintiff allege that it demanded the return of its assets. For all of the foregoing reasons, Defendants' motion as to Plaintiff's conversion claims should be denied.

### POINT III
### MIN NY'S UNFAIR COMPETITION AND BREACH OF FIDUCIARY DUTY CLAIMS REGARDING THE CUSTOMER LISTS ARE PROPERLY PLED

In the memorandum of law in support of their motion, Defendants seem to be referring to a document other than the SCAC.  First, nowhere in the SCAC is it alleged that Defendants were independent contractors.  Even if it did contain such an allegation, the SCAC alleges more than sufficient facts to meet the test set forth in *Starlight Limousine Serv., Inc. v. Cucinella*, 275 A.D.2d 704, 705 (2d Dep't 2000), cited by Defendants, namely that "[s]olicitation of an entity's customers by a former . . . independent contractor is not actionable unless the customer list could

be considered a trade secret, or there was wrongful conduct by the . . . independent contractor, such as physically taking or copying files or using confidential information."

Here, the SCAC alleges sufficient facts to make a plausible claim that the customer lists were a trade secret and contained confidential information.  They were compiled over the course of approximately seventeen years, SCAC ¶¶ 78-80; they contained information that is not publicly available, such as the contact information for customers who purchased items through MiN NY's e-commerce site, contact information provided by customers at the point of sale in MiN NY's retail boutique, and contact information for individuals who signed up for MiN NY's mailing list.  SCAC ¶ 79.  This SCAC alleges that the information is kept confidential and is not known to the public. SCAC ¶ 80.

The SCAC further alleges the requisite wrongful conduct, copying files and using confidential information, namely that, "[a]fter her termination, without authorization or permission, Yang accessed, copied, and appropriated for her own use the customer contact information from MiN NY's Campaign Monitor account." SCAC ¶ 80.  Contrary to Defendants assertion, the SCAC clearly pleads that Defendants are using the customer lists, alleging that "She is now using this confidential and proprietary information, lists compiled by MiN NY over nearly two decades of thousands of people who have purchased or who are interested in purchasing high end, niche fragrance and grooming products, to send blast emails for her new business to MiN NY's customers and press contacts."  *Twombly* does not require that MiN NY identify the thousands of individuals contained in its customer lists to whom Defendants have sent blast emails, nor is it plausible that Defendants have had independent business contact with these individuals, including individuals who made purchases before Yang worked for MiN NY.

Accordingly, Defendants' motion with regard to the unfair competition and breach of fiduciary claims based on the misappropriation of customer lists should be denied.

### POINT IV
### MIN NY'S BREACH OF FIDUCIARY DUTY CLAIM REGARDING "FLASH OF LIGHT" IS PROPERLY PLED

Regardless of whether Defendants were characterized as independent contractors, this Court has already found that the Amended Complaint pled sufficient facts to support MiN NY's breach of fiduciary duty claim. ECF Document 23, p. 10. Yet Defendants disregard that ruling and attempt to relitigate the issue of whether, absent a written agreement, Defendants owe Plaintiff fiduciary duties.

> Under New York law, a fiduciary relationship arises when one has reposed trust or confidence in the integrity or fidelity of another who thereby gains a resulting superiority of influence over the first, or when one assumes control and responsibility over another."

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 289 (S.D.N.Y. 1995). For approximately eight years MiN NY reposed its trust and confidence in Yang and by 2010, she had assumed the position of Vice President. Accordingly, she had a fiduciary duty not to use the confidential information she acquired, including plans for a new fragrance project, to damage and compete with MiN NY. Instead, Yang chose to breach that duty by taking the idea for a product MiN NY was going to develop, "Flash of Light", and using it for her competing business. Consequently, Defendants' motion to dismiss Plaintiff's claim for breach of fiduciary duty regarding "Flash of Light" should be denied. [1]

---

[1] Defendants did not raise any issue with regard to the claim related to "Flash of Light" in their pre-motion letter, ECF Document 41, hence Plaintiff had no notice that there would be a challenge to the claim. Accordingly, if the Court grants Plaintiff's motion as to this claim, Plaintiff respectfully requests leave to replead.

## **CONCLUSION**

For each of the foregoing reasons, Defendants' motion to dismiss these claims should be denied in all respects.

Respectfully submitted,

Dated:  New York, New York
        April 28, 2017

PHILLIPS NIZER LLP

By:  s/ Elizabeth A. Adinolfi
     Thomas G. Jackson
     Elizabeth A, Adinolfi
666 Fifth Avenue
New York, New York 10103
(212) 977-9700

*Attorneys for Plaintiff Salonclick  LLC*